UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANIEL NOONE                                    CIVIL CASE No.
   (Plaintiff)
        V
RICHARD A. Jr CARPENTER, CORRECTIONAL OFFICER,
JASON E. SHOSEY, CORRECTIONAL OFFICER,
CHRISTOPHER C. KINZER, CORRECTIONAL OFFICER,
CHARLOTTE C. FERRO, EX-CORRECTIONAL OFFICER,
SGT. PARADY, CORRECTIONAL OFFICER,
LT. MATTHEW V. CHARLESTON, CORRECTIONAL OFFICER,
WELLPATH, SOLE MEDICAL PROVIDER FOR THE MASS. DOC,
DEAN GRAY, SUPERINTENDANT AT SBCC,
the defendants all sued in their individual and official capacities.

FILED
IN CLERKS OFFICE
2021 JUN 30 PM 12: 54
U.S. DISTRICT COURT
DISTRICT OF MASS.

## VERIFIED COMPLAINT

I.Introduction

   Now comes the Plaintiff, DANIEL NOONE (pro-se), a prisoner currently
with the Massachusetts Department of Correction ("DOC") diagnosed
with Serious Mental Illness ("SMI") and brings this Civil Action
pursuant to 42 USC §1983 and the Americans with Disabilities Act
(ADA) 42 USC §12101 to redress the deprivation under color of law
for willfully, intentional and unconstitutionally interfering,
blocking and or stopping Plaintiff's 8th Amendment Right to be
Free from Cruel and Unusual Punishment and to receive proper
medical services by the defendants use of excessive force while
the Plaintiff was committing suicide, showing deliberate indifference
to serious medical need and failing to remedy systematic deficiencies
in the delivery of medical/mental health services.; E&P&C

   Defendants Carpenter, Shosey, Kinzer, Ferro, Sgt.Parady and

Lt.Charleston while Plaintiff was at the SBCC facility housed in the Secure Treatment Program ("STP"), a unit for SMI inmates to receive treatment, sprayed him with chemicals agents when Plaintiff was unconcious in his cell from a suicide attempt then proceeded to enter his cell using force to place plaintiff in handcuffs and shackles and continuing while Plaintiff was already unconcious to use excessive force on him as punishment for his disability without applying any de-escalation measures or seeking/allowing mental health clinician intervention in complete violation of Use of Force Regulation 103 CMR 505.00 et seq.; Training for Correctional Personel Regulation 103 CMR 400.00 and Inmate Management .12(2); Mental Health Policy 103 CMR 650.00 et seq.; Secure Treatment Unit Regulation 103 CMR 425.00; Inmate Discipline Regulation 103 CMR 430.00 et seq.

Defendants Gray and Wellpath have violated the Prudent Man Standard of Care by failing to remedy the systematic deficiencies in the delivery of medical/mental health services within the DOC, and the SBCC facility by failing to properly train staff in accordance with Senate No.2371 - Criminal Justice Reformative Act and adhering to its deadline of 12-31-18, the areas of deficiency involve mental health evaluations, treatment planning, medication planning, mental health in restrictive housing, and mental health treatment on crisis watch in breach of contract and Oat(s) of Office. These violations have created atypical and significantly harsher living conditions making placement in STP illegal housing.

All of these crimes against the humanity of the Plaintiff by the defendants are in violation of the UNITED STATES Constitution, and Articles I and XXVI of the MASSACHUSETTS DECLARATION OF RIGHTS

violating Plaintiff's State and Federal civil rights. Plaintiff
seeks monetary damages to remedy and redress the deprivations of
his Constitutional Rights. Plaintiff prays also for injunctive
and declatory relief against the custom and practices of the
defendants as violative of the State and Federal guarantees of
liberty of Plaintiff and all prisoners who have, are or will be
subjected to the customs and practices of the defendants that are
in complete contradiction of the laws of the land.

II.                          JURISDICTION

1. Jurisdiction is invoked upon this Honorable Court for federal
   questions involving  the 8th Amendment of the UNITED STATES
   Constitution; 42 USC §1983; 42 USC §12101 ; EQUAL PROTECTION CLAUSE
2. This Court is authorized to render declatory relief pursuant
   Fed.R.CIv.P.56
3. This Court is authorized to render injunctive relief pursuant
   Fed.R.Civ.P.65
4. All of the acts and ommissions complained of herein all took
   in the District of Massachusetts.


II.                            PARTIES


1. DANIEL NOONE, the Plaintiff is currently a prisoner in the Mass.
   DOC is diagnosed with a serious mental illness, is a citizen
   of the Commonwealth, and is at all times relevant to this action.
   His current address is: P.O. Box 8000, Shirley,MA 01464
2. Richard A. Jr Carpenter, the defendant is a Correctional
   officer at the SBCC facility, is believed to be a citizen of

Commonwealth, and is at all times relevant to this action.
His current address/place of business is: P.O. Box 8000,
Shirley, MA 01464

3. Jason E. Hosey, the defendant is a correctional officer at the
   SBCC facility, is believed to be a citizen of the Commonwealth,
   and is at all timess relevant to this action. His current
   address/place of business is: P.O. BOX 8000, Shirley,MA 01464

4. Christopher C. Kinzer, the defendant is a correctional officer
   at the SBCC facility, is believed to be a citizen of the
   Commonwealth, and is at all times relevant to this action. His
   current mailing address/place of business is: P.O. Box 8000.MA
   Shirley,MA 01464

5. Charlotte C. Ferro, the defendant was a correctional officer
   employed by the SBCC facility, is believed to be a citizen of
   the Commonwealth, and is at all times relevant to this action.
   Her current mailing address is unknown at the present moment.

6. Sgt.Parady, the defendant is a correctional officer at the SBCC
   facility, is believed to be a citizen of the Commonwealth, and
   is at all times relevant to this action. His current address
   is: P.O. Box 8000,Shirley,MA 01464

7. Lt. Matthew V. Charleston, the defendant is a correctional
   officer at the SBCC facility, is believed to be a citizen
   of the Commonwealth, and is at all times relevant to this
   action. His current address/place of business: P.O. Box 8000,
   Shirley,MA 01464

8. Dean Gray, the defendant is the Superintendant at SBCC, is
   believed to be a citizen of the Commonwealt, and is at all times
   relevant to this action. His current address/place of business:

P.O. Box 8000,Shirley,MA 01464

9. Wellpath, the defendant is the sole medical provider for the DOC, is at all times relevant to this action. Its current mailing address/place of business is:16 Chestnut St.,suite 250, Foxborough,MA 02035

IV.                     STATEMENT OF THE FACTS

10. In 2017-2018 Legislative session Senate No.2371 ("Crime Bill") was enacted into law addressing the may issues that plague the criminal justice system, specifically outlining minimum mandatory reforms for the DOC in their treatment of inmates in segregation and in their handling of inmates with mental health issues and the need of those diagnosed placing a deadline of 12-31-18 which has not been met by the defendant Gray and Wellpath.

11. Plaintiff is housed in the STP at the SBCC facility, which is defined as a Secure Treatment Unit and it is governed by the promulgated STU Regulation 103 CMR 425.00

12. On 11-7-20 Plaintiff while in the STP-unit M-3 cell# 29 during 7 to 3 shift morning time informed the officer doing the rounds that he is in a crisis and needs to speak to a mental health clinician in accordance with 103 CMR 650.03(D) Inmate self referal but was ignored by the officer.

13. At this point in time Plaintiff was doing a lot of Trauma therapy and having panic attacks.

14. There was another inmate named Nathan Williams who had called for Medic 5 (the code used at SBCC for crisis related matters) who also had trouble getting the attention needed but was

5

eventually pulled out of his cell to speak with a clinician.
Meanwhile Plaintiff was still trying to get his crisis needs
acknowledged by officers in the unit to inform Medic 5.

15. Plaintiff out of frustration held the phone in front of his
cell, when at this point defendant Sgt.Parady came to speak
with the Plaintiff. The Plaintiff made his concerns known to
defendant Sgt.Parady but he was adamant that this is not how
things work if he wants some attention. Plaintiff relinquished
the phone and his food slot on cell door was closed. Plaintiff
then waited for his turn to be seen by Medic 5.

16. Plaintiff noticed inmate Williams come back from his meeting
with Medic 5 and go into his cell. However Plaintiff waited t
for his turn to meet with clinician but nobody came to get
him or inform him of any progress.

17. After a while Plaintiff covered his cell window to block the
view inside his cell. The officer doing the rounds did not
bother to check or knock on his cell door to see if he was ok,
and when medication cart came around and asked Plaintiff if
he wanted his medication he responded no, I need Medic 5.

18. Before medication cart came around officers came with the
shield at 11 am count time and open the wicket (food slot)
to see into his cell, and left.

19. Plaintiff then proceeded to place a noose around his neck,tie
the rest of the sheet to the back cell window frame, kneel
on ton the bench and lean foward until he passed out.

20. Plaintiff came back around only being able to take in small
breaths until passing out again. This happened 3x.

21. All during lunch time chow was being passed out on the tier

6

the Plaintiff was struggling between conciousness and unconciousness. Plaintiff remembers his hands and rest of his body feeling numb, and also hearing the trash barrel coming around before passing out again.

22. Once again Plaintiff came back around with his head hurting hearing the trash barrel coming from the opposite direction. Plaintiff had a intuition that if he passed out again he would surely die this time, with what little strength he could muster together he got a finger under the rope/noose and yelled to the officer for help before passing out again.

23. Suddenly Plaintiff heard his name, his eyes were burning, he couldn't breathe or get a cough out. Plaintiff had been sprayed with chemical agents multiple times.

24. Plaintiff heard the defendant Lt. Charleston giving order to into the cell and for the officer to smash him once they entered the cell. Plaintiff was weak when the officers entered the cell and was violently thrown against the back wall hitting his head, then thrown on the ground to be hancuffed and shackled. Plaintiff heard officers coughing saying there is too many people in the cell. One officer noticed and stated shit, he is not coughing. Plaintiff was then thrown on the gurney face down.

25. The Licensed Practicing Nurse ("LPN") Carmen Newry responded to a code 99 for a hanging. Upon arrival to M3 this nurse found the Plaintiff laying on his left side with his face facing the gurney. At this time nurse noticed prominent ligature marks around the Plaintiff's neck, his face was beet red and lips were blue. Respiration was shallow and the Plaintiff

was non responsive. Attached as "EX A" is  Nursing Progress
Note by LPN on date of service 11-7-20 along with the incident
report by LPN.

26. When Plaintiff regained conciousness he was in the HSU with
a oxygen mask see EX A. He was then sent to the outside
hospital where he had a catscan done.

27. Plaintiff returned to the SBCC facility the same day and placed
back in the HSU for monitoring. Plaintiff had blood vessels
broken in his face, trouble with his memory and with basic
words. Registered Nurse (RN) Christian Capoccia assessed the
Plaintiff upon arrival back from the outside hospital and
is clearly seen in his infirmary progress note to hide and
cover up all of the after affects the incident had on the
Plaintiff by lying and denying any adverse symptoms. Attached
as "EX B" is Infirmiry Progress Note by RN along with incident
report both dated 11-7-21

28. Plaintiff was returned to STP and placed in the accountability
cell as punishment on 11-12-20 for a disciplinary report
(D-repert) received for the incident that took place on
11-7-20. Attached as "EX C" is Secure Treatment Unit Accountability
status assesment dated 11-13-20

29. D-report #469457 was written by defendant Sgt.Parady to try
and justify his deliberate indifference to my serious
medical needs at the time which are in complete violation
of the Inmate Discipline Regulation 103 CMR 430.06: Self-
Injurious Behavior "Disciplinary reports solely for self-
injurious behavior are prohibited. Disciplinary reports for
behavior directly and wholly related to self-injurious

behavior, such as destruction of state property, are also
prohibited. Likewise, disciplinary reports for reporting
to the Department or contract staff feelings or intentions
of self-injury or suicide are prohibited. Whenever a staff
person becomes aware of an inmate's self-injurious behavior
the staff person shall prepare an incident report and
communicate the matter with the appropiate mental health
staff in accordance with 103 CMR 650,Mental health."
Defendant Sgt.Parady failed to write a incident report of
notify proper staff of Plaintiff's crisis situation. Attached
as "EX D" is D-report #469457.

30. On the date of incident 11-7-20 defendant Ferro stated in her
incident report that she heard the Plaintiff call out to her
as if he was in distress. Defendant Ferro then noticed Plaintiff's
cell window covered prompting her to notify staff. She
furthers states that the food slot was opened to try and
get a visual on the Plaintiff and that the defendant Sgt.Parady
did the utilize chemical agent on the Plaintiff. She the
was directed to get the shears for the responding team.
Attached as "EX E" is defendant Ferro's incident report.

31. The defendant Lt.Charleston was at the time of the incident
posted as the level 3 Lt. (M3 is located on the 3rd floor)
and did respond to a code 99 hanging in STP M-3 cell #29.
Upon defendat Lt.Charleston arrival he determines that chemical
agent MK-9 fogger had already been dispensed, he states to
observe the Plaintiff leaning foward into a noose that had
been tied to the window. Upon sufficient staff defendat
Lt.charleston gave the directive to breach the cell door. The

defendant Lt.Charleston is very careful to try and cover up
his actions and that of his peons by making certain false
statement that would eliminate culpability by stating that
when the sheet was removed from Plaintiff's neck Plaintiff
then opened his eyes and coughed. Defendant also states that
he never observed the Plaintiff suspended above the ground.
Defendant continues to stress that Plaintiff was responsive
which is contradictory to the RPN testimony and that he was
looking foward to the hospital trip. Attached as "EX F"
is defendant Lt.Charleston's Incident Report.

32. The defendant Carpenter states to the Plaintiff being seen
at the rear of the cell attempting to tie a ligature around
his neck, ignoring multiple directives to cease his actions,
which resulted in defendant Sgt. Parady dispersing chemical
agent into Plaintiff's cell. Defendant Carpenter was the
second officer in the cell, the shield was placed against
the Plaintiff, defendant Carpenter assisted in removing
ligature from the window, and placed the Plaintiff on the
ground on his side by controlling his right arm. Once the
shears were used defendant Carpenter was able to slide the
ligature over plaintiff's head stating that Plaintiff
coughed, gasped for air and opened his eyes. Defendant left
the cell after being overwhelmed by the chemical agent.
Attached as "EX G" is defendant Carpenter's Incident Report.

33. The defendants Shosey and Kinzer both write almost identical
generic incident reports stating the basic facts. Plaintiff
had his window covered, after food slot check Plaintiff was
seen at the back of the cell kneeling on his desk with a

ligature around his neck, defendant Sgt.Parady used chemical agent after the call was made to control they entered the cell assisted Plaintiff to the floor where they helped apply the leg irons with wrist restraints. Attached as "EX H" is the defendant Shosey's Incident Report and as "EX I" is the defendant Kinzer's Incident Report.

34. Plaintiff exhausted all administrative remedies by filing grievances with the DOC , grievance #111524, and filing the medical grievance #111566.

35. Plaintiff made all the appropiate evidentiary request for the D-report #469457 but that D-report was never prosecuted by the Disciplinary Board.

36. Plaintiff in attempting to preserve evidence for his allegations and defense did make formal request for Recors with SBCC legal requesting Video and Records  for the incident that was pending at the time, being directed to make request to the Deparment's Legal Division upon completion of the investigation. Attached as "EX J" is correspondence letter from Vicki Pineda, Paralegal.

37. Plaintiff also made formal Application to Review Evaluative Information. Attached as "EX K" is Application Form

38. Plaintiff also made application to authorized the release of medical records to his custody. Attached as "EX L" is Medical Release Form

39. On 2-24-21 Plaintiff received a response letter from Charles Primack, Director Special Operations stating that he reviewed the information in Plaintiff's letter and refered it to Todd Russell, Deputy Chief Office of Investigative Services to review. Attached as "EX M" is Response Letter from DSO

11

40. On 2-26-21 Todd C. Russell wrote to the Plaintiff stating
    that SBCC conducted an inquiry to his allegations and that
    he finds that there is no credible evidence to support
    Plaintiff's claims or to warrant further investigation.
    Attached as "EX N" is Letter from Todd C. Russell

41. Plaintiff keeps facing retaliation for filing grievance and
    following up with the incident investigations and results.
    On 4-28-16 Plaintiff was issued a frivilous D-report #473786
    of a altered tv in his cell just to take the tv from him.
    The matter was Closed Administratively because there was no
    merit to the D-report. Attached as "EX O" is D-report #473786

42. On 4-28-21 again Plaintiff was written another frivilous
    D-report by the Grievance Officer Sgt. Tocci when conducting
    a cell search and noticing that the tv was returned to the
    Plaintiff. D-report #474226 was also Closed Administratively
    due to it having no merit whatsoever.Attached as "EX P"

43. The STP is a incentive based program to help motivate participation
    in the mental health treatment of the individual. For good
    behaviour and compliance certain privileges are allowed such
    canteen food items or tv in the cell. When a inmate violates
    the rules and catches a D-report whether he is at fault or
    not heis place on what is called Accountability. This is
    nothing more than being placed in the suicide watch cell
    with nothing and losing all your privileges. This is often
    used as a form of retaliation because it is a sure punishment.

44. Plaintiff has to always be on guard, can't trust officers or
    clinicians, is in fear, has anxiety, trouble sleeping is
    nervous all the time, depressed and has loss of drive to
    live.

45. The defendant Gray as the Superintendant at the SBCC facility
shows deliberate indifference to the medical needs of the
Plaintiff and other inmates by encouraging punishment as
opposed to treatment, allowing his staff to carry out corporeal
punishments without reprimand or slaps in the hand. Often
helping to cover up or sabatoge investigations of staff
misconduct as was and is being done to the Plaintiff with all
the evidence that was requested to be preserved or investigation
into incident going nowhere.

46. The defendant Wellpath the sole medical provider for the DOC
always denies any culpability for the conduct of its employees
when, as was the case in the 11-7-20 incident involving the
Plaintiff, protocol and procedure was never followed by the
mental health staff. The day of the incident Mental Health
staff were present in the unit yet they denied him Medic 5
along with officers and refused to meet with the Plaintiff
when defendant Ferro notified that Plaintiff's cell window
was covered to de-escalte the situation so that their
intervention may stop the need of any chemical use or use
of force . The defendant Wellpath always states that staff
discipline is beyond their control and that it is on the DOC
to do so. Vice versa the DOC states that Wellpath is the sole
medical provider and that the DOC has nothing to do with
the distribution of medical services. This game of hot
potato reminds me of the old "Cat's Paw Theory" where an
employer tries escape culpability of its employees actions
even though they are the ones that direct the employee in the
course of their work.

13

V.                    CAUSE OF ACTION

                      <u>8TH AMENDMENT</u>

<u>47</u>. Plaintiff restates and realleges paragarphs 1-46 as fully
     set forth hereinafter.

48. The defendants Sgt.Parady, Lt.Charleston. ferro, Carpenter,
    Shosey and Kinzer did cause a deprivation of 8th Amendment
    Right to be free from cruel and unusual punishment when
    deliberate indifference for Plaintiff's serious medical need
    was shown by ignoring pleas for help denying Plaintiff to
    meet with Medic 5 mental health clinician while in a state
    of crisis, allowing and prompting the Plaintiff to commit
    suicide and spraying him with chemical agent while unconcious,
    then going in his cell and using excessive force causing
    wantom and unnecessary infliction of pain and failed to
    correct the violation when none of the defendnats stopped
    the other's excessive use of force, then trying to cover up
    crime by committing perjury on reports  breaching Oath(s)
    of Office - GLC 125 §10 - perpetuating police brutality since
    correctional officers are considered Law Enforcement see
    Vinning v. Commonwealth, 67 Mass.App.Ct. 690,695 (2005) in
    complete disregard of Use of Force Regulation 103 CMR 505.00;
    Inmate Discipline Regulation 103 CMR 430.00; Mental Health
    Policy 103 CMR 650.00

49. The defendants Gray and Wellpath have created a deprivation
    of 8th Amendment Right to be free from cruel and unusual
    punishment showing deliberate indiference to serious medical
    needs of the Plaintiff causing atypical and significantly

                            14

harsh living conditions by failing to remedy the systematic
deficiencies in the delivery of medical services and failing
to properly train officers and staff and failed to take the
necessary steps to correct the violations after receiving notice
clearly established 8th Amendment right to be free from cruel
and unusual punishment in complete disregard of the minimum
mandatory reforms of Senate No.2371 and its dealine of 12-31-18
103 CMR 650.00; STU Regulation 103 CMR 425.00; 103 CMR 430.00

50. The failure of all the defendants to timely and reasonably
correct the violation of Plaintiff's 8th Amendment Right.

51. All of the defendants failed to enforced clearly established
Mass.DOC Regulations, Laws of the Commonwealth of Massachusetts
and the provisions of the United States Constitution and the
challenged conduct violates the guarantees of liberty.

52. All of the defendants acting under color of law and the
authority of the MASS.DOC intentionally, negligently and with
complete deliberate indifference for Plaintiff's rights
caused through their acts and ommissions Plaintiff to be
deprived of his constitutional rights, including but not limited
to those under the 8th Amendment by the use of excessive force,
wanton and unecessary infliction of pain, and atypical and
significantly harsh living conditions, failing to correct
the violations.

53. All of the defendants knew or should have known, that deliberate
indifference to serious medical needs, denying minimum
mandatory reforms in violation of Plaintiff's 8th Amendment
Right to be free from cruel and unusual punishment pursuant
to promulgated regulations 103 CMR 650;505;430;425;400 would

result in atypical and significantly harsh living conditions, wanton and unecessary infliction of pain in deprivation of basic human rights of the 8th Amendment, laws of the Commonwealth, resulting in crimes against humanity.

## COUNT II

### EQUAL PROTECTION CLAUSE

54. Plaintiff restates and realleges paragraphs 1-53 as fully set forth hereinafter.

55. To be singled out arbitrararily for disparate treatment is a constitutional violation. " For an essential attribute of the liberty protected by the constitution is the right to the same kind of treatment as the State provides other similar situated persons. A convicted felon, though he is properly placed in a disfavored class, retains this essential right." Hewitt v. Helms, 459 US 460, 485-486 (STEVEN,J.dissenting) (footnote ommitted)

## COUNT III

### AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. §12101

56. Plaintiff has a disability as described in th ADA definition- (1) Disability, (A),(B),(C), (2)(A); and in the 5th edition of the Diagnostics and Statistical Manual of Mental Disorders.

57. The Plaintiff has been subjected to action committed by all of the defendants prohibited under this Act because of actual mental impairment due to the deliberate indifference of the defendants failing to accomodate the Plaintiff even after being aware of disability.

58. Defendant Wellpath the Fiduciary may also be liable for another's fiduciary's breaches pursuant 29 USC §1105 (a).

59. The defendnats Gray and Wellpath are liable as Co-Fiduciaries by knowingly participating or knowingly concealing the acts and ommissions of its staff who serve as administrators of the plan.

60. A District Court may award relief against non-fiduciaries who knowingly participate in breach of trust. Freund v. Marshal & IIs ley Bank, 485 F.Supp. 629 (W.D. Wis. 1979)

61. 29 USC §1104 ERISA embraces a duty of loyalty to the trust beneficiaries, (a)(i)(A), and the Prudent Man standard of Care (a)(i) (B). Fiduciaries must act in accordance with the documents and instruments governing the plan (a)(i)(D). In this case MASSACHUSETTS DECLARATION OF RIGHTS Articles I, and XXVI Senate No.2371 and Title XVIII.

62. The defendants Gray and Wellpath have failed to remedy the systematic deficiencies in the delivery of medical/ mental health services allowing gross deficiencies in: staffing, facilities, equipment, and procedures in the areas of:

    1.mental health evaluations;
    2.treatment planning;
    3.medication planning;
    4.mental health treatment on crisis watch.

## COUNT IV

### EMOTIONAL DISTRESS

63. The defendants carpenter, ferro, shosey,charleston, parady, gray and wellpath behaved outrageously with deliberate and intentional action using excessive force, deliberate indifference to serious medical needs, failing to remedy systematic

deficiencies in the delivery of medical services causing
uncertainty, apprehension, fear, anguish, anxiety, and
traumatic mental and emotional suffering due to Plaintiff
being punished, denied programs, treatment and proper housing
and medical services.

64. As a direct and proximate result of the defendants' actions
the Plaintiff has suffered and continues to suffer the injuries
and psychological harm.

## INJUNCTIVE RELIEF

WHEREFORE, Plaintiff request he be granted a tempoary restraining
order or preliminary injunction as:

a) the defendant Gray and Wellpath and all persons acting under
the direction, control, permission or authority of defendants
shall be enjoined and restrained from denying proper treatment
without threat of retaliation or punishment, imposing sanctions
without minimum due process standards, using suicide cell and
suicide watch as a form of punishment and torture tactic, and
failing to remedy systematic deficiencies in the delivery of
medical services.

b) Ther is no reasonable actionable remedy of law to provide for
the damages against Plaintiff's constitutional and civil rights
as a result of defendants' actions and conduct.

## DECLATORY RELIEF

65. Declare the right of the Plaintiff to be free from cruel and
unusual punishment and to have accomation for disability and
not be punished for that disability in accordance with the
promulgated DOC Regulation 103 CMR 650; 103 CMR 425

66. Declare the right of Plaintiff to go through the due process of the Disciplinary Regulation 103 CMR 430 and to have the use of force against him in comformity with the Use of Force Regulation 103 CMR 505

67. Declare that Plaintiff has a 8th and Equal Protection in being placed in a STU, to have sanction placed on him in a manner that is not inconsistent with DOC regulation and to have proper medical services in manner as provided by law, human rights and the Crime Bill.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff prays that this Honorable Court grant him the following:

A. Issue a tempoary restraining order or preliminary injunction to defendant to cease and desist from delivering proper medical care, minimum mandatory reforms and proper housing.

B. Award compesatory damages against defendants Carpenter, Shosey, Kinzer, Ferro, Parady, Charleston, Gray and Wellpath each in their individual capacities in the amount of $100,000.00 seperately for both 8th Amendment and Equal Protection Clause of the UNITED STATES Constitution for federal civil rights violation.

C. Grant Peace Bond.

D. Grant Plaintiff a Jury Trial.

E. Award Punitive Damagés.

F. Award Attorney Fees.

G. Award Plaintiff costhe incurs in this action.

H. Grant any other relief this Court deems Just, Equitable and Proper.

19

Date:                                    Respectfully Submitted,

                                         s/

                                         DANIEL NOONE (pro-se)

                                         P.O. BOX 8000

                                         SHIRLEY,MA 01464


## VERIFICATION

I, DANIEL NOONE, verify and certify with the undersigned that the
acts and ommissions complaine of herein are true and accurate to
the best of my knowledge.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THE 21 DAY
OF June   IN THE YEAR OF OUR LORD, 2021.


DANIEL NOONE