UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL NOONE,<br>    Plaintiff,<br><br>v.<br><br>RICHARD CARPENTER, et al.,<br>    Defendants. | Civil Action No.<br>21-10959-NMG |

ORDER

GORTON, J.

Pro se litigant Daniel Noone, who is incarcerated at the Souza Baranowski Correctional Center ("SBCC"), brings this action under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"), claiming that he has received inadequate treatment and accommodations for his severe mental illness. See Compl. (Docket No. 1). Noone names as defendants six SBCC correction officers, the SBCC superintendent, and Wellpath, the medical care provider at SBCC. Noone states that he is suing all the defendants in their individual in official capacities.

In Noone's prayer for relief, he asks, inter alia, that the Court issue "a temporary restraining order or preliminary injunction to defendant to cease and desist from delivering proper [sic] medical care, minimum mandatory reforms and proper [sic]

housing." Compl. at 19. He has not filed a freestanding motion for a temporary restraining order or a preliminary injunction.

Noone has also filed a motion for leave to proceed in forma pauperis and discovery requests.

Upon review of Noone's filings, the Court hereby orders:

1. The motion for leave to proceed in forma pauperis is ALLOWED. In accordance with 28 U.S.C. § 1915(b)(1), the Court assesses and initial partial filing fee of $16.67. The rest of the $350 filing fee, $333.33, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

2. Insofar as Noone seeks a temporary restraining order, the request is DENIED. Noone has not shown, nor can the Court discern, any reason why the Court should grant the requested relief without first permitting the defendants to respond. The denial of a request for a temporary restraining order does not, however, preclude Noone from filing a separate motion for a preliminary injunction with a supporting memorandum of law.

3. Any individual capacity claims under ADA are dismissed without prejudice. Title II of the ADA concerns the services and programs of a "public entity." 42 U.S.C. § 12132. It does not impose individual liability.

4. Any official capacity claims for damages under 42 U.S.C. § 1983 are dismissed. See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997) ("State officers in

their official capacities, like States themselves, are not amenable to suit for damages under § 1983. . . . State officers are subject to § 1983 liability for damages in their personal capacities, however, even when the conduct in question relates to their official duties." (citation omitted)).

5. The Clerk shall issue summonses for all defendants. Noone is responsible for serving the complaint, summonses, and this order on the defendants in compliance with Rule 4 of the Federal Rules of Civil Procedure.

6. Noone must complete the aforesaid service within 90 days of the date of this order. Failure to complete service in a timely fashion may result in dismissal of this action without further notice from the Court. See Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

7. Because Noone is proceeding in forma pauperis, he may elect to have service completed by the United States Marshals Service ("USMS"). If Noone chooses to have service completed by the USMS, he shall provide the agency with all papers for service on the defendants and a completed USM-285 form for each party to be served. The USMS shall complete service as directed by Noone with all costs of service to be advanced by the United States. The Clerk shall provide Noone with forms and instructions for service.

8. The motion for interrogatories and production of documents from defendants is DENIED without prejudice. Once the Court has set a discovery schedule, Noone may make discovery requests in accordance with that schedule directly to the adverse parties without first seeking leave of the Court.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: 07/15/2021